The People of the State of Illinois, Appellee, v. Wendell Hall, Appellant.

Gen. No. 64–21.

Second District.

January 20, 1965.

Eugene T. Devitt, of Chicago, for appellant.

Charles L. Hughes, State's Attorney, James L. Wilder and Barry E. Puklin, Assistant State's Attorneys, of Geneva, for appellee.

CARROLL, J.

The defendant, Wendell Hall, was found guilty by the Circuit Court of contributing to the delinquency of a female under the age of 18 years, and was sentenced to imprisonment for one year.

The information on which defendant was tried charged that on December 3, 1963, he "did then and there, knowingly and wilfully cause, aid, or encourage Linda Nielson, a female child under the age of 18 years, the said Linda Nielson being of the age of 15 years, to be or to become a delinquent child, in that he did then and there without just cause and without

consent of the parents cause said Linda Nielson to absent herself from her home or place of abode."

It is contended on this appeal that the evidence was insufficient to warrant defendant's conviction, and therefore, the judgment of the trial court should be reversed.

Linda Nielson was 15 years of age. She had previously been declared a delinquent child, and was residing with her parents under supervision of the Family Court. The defendant was 22 years of age and knew that Linda was a delinquent. On December 3, 1963, at about 10:00 p. m. she called the defendant and arranged to meet him about a block away from her home. She testified that she suggested such arrangement because her parents would not allow her to go out with him; and that defendant knew she was not allowed to see him. At about 11:45 p. m. of the same day, the car driven by the defendant and in which Linda was riding was stopped by police officers of Valley View, Illinois. Officer Miller testified that the defendant then had a bottle in his hand; that he handed the bottle to Linda who threw it out the car window; and that it was later recovered and proved to be a partially consumed quart bottle of Hamms beer. Defendant was then arrested, and Linda was turned over to the juvenile court authorities. Officer Miller further testified that when arrested the defendant was "pretty wobbly" and so "wobbly he couldn't stand up under his own power." Linda's mother, Betty Nielson, testified she knew defendant; that prior to the occurrence of December 3, 1963, she told him to stop seeing Linda; that she did not know her daughter was with him on December 3rd, and had not given her permission to see him. Linda Nielson testified that she and defendant were arrested about an hour after leaving her home; that they were going down

115

the street in Valley View to get some cigarettes when police stopped them; and that she planned on being home about 12:00 or 12:30.

The record shows that on October 22, 1963, the County Court of Kane County declared Linda a delinquent child and a ward of that court; that under the court's order, its juvenile probation officer was appointed her guardian with directions to permit Linda to return to her parents' home on probation subject to the visits of a probation officer.

The offense with which defendant was charged is defined in Section 2011, chap 23, Ill Rev Stats, 1963 which provides in part as follows:

> "*Contributing to delinquency by third persons.* 7b. Any person who shall knowingly or wilfully cause, aid or encourage any male under the age of 17 or any female under the age of 18 years, to be or to become a delinquent child, or who shall knowingly or wilfully do acts which directly tend to render any such child so delinquent shall be deemed guilty of the crime of contributing to the delinquency of children . . ."

Section 2001 of said chap 23 defines the term delinquent child and provides in part as follows:

> "Any child may be termed delinquent who, if a male child under the age of 17 years or a female child under the age of 18 years, . . . who without just cause or without the knowledge and consent of his parents, absents himself from his place of abode or home, . . ."

Defendant insists that the state proved only that Linda Nielson was temporarily absent from her home and that the defendant in aiding or encouraging her in such temporary absence was not guilty of the crime of contributing to the delinquency of children. De-

116

fendant cites and relies entirely on People v. Day, 321 Ill App 552, 152 NE 495.

In the Day case, the defendants were convicted on an indictment charging them with encouraging one Lois Harris to become a delinquent child by persuading her to absent herself from her home without having just cause and without permission of her parents. The child involved was 16 years of age, and residing with her parents in Decatur, Illinois. About 8:00 in the evening of August 25, 1923, she left Decatur with the defendants and an adult female companion and went to Danville, Illinois, and returned to Decatur about 8:00 the next evening. The evidence established that she made this trip without her parents consent, and that the defendant, Day encouraged her to go without such consent. The Supreme Court held "that the words 'absents itself from its home or place of abode' means something more than a mere temporary going away from such home with the intention of returning thereto within a short time"; that the evidence showed there was no intention on the part of the parties concerned that Lois should abandon her home; that they intended she should return the next day; and that although defendants persuaded her to go on the trip to Danville, they did not thereby persuade or encourage her to "absent" herself from her home as that term was used in the 1915 Delinquency Act.

 Admittedly, the facts in Day are clearly distinguishable from those appearing in the instant record. Here the defendant knew at the time he caused Linda to absent herself from her home that she had been declared a delinquent; that she was a ward of the family court; that she was in her parents' home on probation; and that her parents objected to her seeing the defendant. In Day the occasion for the absence of the child was a trip to Danville. When

Linda left her home she had no destination in mind. She left home at 10:00 at night. Although testifying that she intended to return, the record shows that she did not return after her ride with defendant but instead she was taken into custody by the police and later delivered over to the family court probation officer. There appears to be no evidence as to when she actually returned to her home. Of significance also is the proof that at the time of the arrest, the defendant in violation of law was in possession of a partially consumed bottle of beer; and that Linda assisted him in an attempt to conceal such fact from the police. When all of the circumstances under which Linda left her home, and her activities in defendant's company are considered, we think her absence was such as to bring it within the meaning of that term as defined in the Delinquency Statute. There was far more involved here than a mere temporary leaving of home with the intention of returning in a short time. We do not think that in Day, the court intended to lay down the rigid rule that in determining whether a child's unauthorized absence from its home contributes to its delinquency the exclusive determining factor is the duration of such absence. It is authority only for the proposition that where the absence means nothing more than a brief temporary absence from home it does not come within the statute.

In the instant case the charge against the defendant was that of contributing to the delinquency of a minor. Whether his conduct in aiding Linda to absent herself from her parents' home tended to contribute to her delinquency was a fact question to be determined from the evidence. In resolving such question, the trial court's consideration of the facts was not limited solely to those involving the length of time covered by the child's absence.

118

If, as in Day, the evidence here established only that the child in question was temporarily absent from her home and was not during such absence subjected to the experiences and influences detailed in the record, we could agree with defendant that the trial court's finding lacks evidentiary support. To the contrary, however, the evidence here effectively demonstrates that the child's ride with the defendant amounted to more than a mere leaving of home with intent to return. It was made in the late hours of night, and was not only forbidden by her parents, but was in violation of the Family Court's probation order. It resulted in the arrest of the defendant and the child and involved her in a situation which must be regarded as tending to encourage her in being a delinquent. Only by ignoring the obvious purpose of the Family Court Act can any other conclusion be justified.

In view of the facts and circumstances shown by this record we are of the opinion that the conviction of the defendant was warranted and the judgment of the Circuit Court is affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.